IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEANGELO DONTERIOUS EDWARDS )<br>*a.k.a. DeAngelo Edwards-Bey* #271278, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>J. SEWELL, )<br>)<br>    Defendant. ) | Case No. 2:21-cv-79-WHA-SMD |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro Se* Plaintiff DeAngelo Donterious Edwards, a state inmate confined at the Staton Correctional Facility, brings this action under 42 U.S.C. § 1983. (Doc. 1). Edwards alleges that, during his incarceration, Defendant J. Sewell violated the Prison Rape Elimination Act ("PREA") when Defendant abruptly terminated his PREA interview, left the underlying issue unresolved, and failed to reschedule the interview. (Doc. 1) p. 8. In his complaint, Edwards seeks a preliminary injunction "ordering against elusive transfer, retaliatory treatment, physical violence and threats and 'promises' toward" him. *Id.* at 18.

To receive a preliminary injunction, the moving party bears the burden to establish that: (1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the injunction would not substantially harm the other litigant; and (4) if issued, the injunction would not be adverse to the public interest. *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1176 (11th Cir. 2019) (citing *Powell v. Thomas*, 641 F.3d 1255, 1257 (11th Cir. 2011)); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d

175, 179 (5th Cir. 1975).[1] A preliminary injunction should be issued only when drastic relief is necessary. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

Edwards has failed to show that he has a substantial likelihood of success on the merits of his § 1983 claim. Section 1983 provides a cause of action for conduct by any person who acts under color of state law to deprive another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The law is clear that the PREA does not grant a prisoner any specific federal rights, and therefore, "an alleged violation of the PREA is not actionable under § 1983." *Hawkins v. Walden*, 2016 WL 5660338, at *7 (M.D. Ga. Sept. 28, 2016) (collecting cases); *see also Green v. Williams*, 2020 WL 7774727, at *5 (S.D. Fla. Oct. 8, 2020), *report and recommendation adopted*, 2020 WL 7770401 (S.D. Fla. Dec. 30, 2020). Edwards brings this § 1983 claim for an alleged violation of the PREA. (Doc. 1). Because PREA violations are not actionable under § 1983, Edwards does not have a substantial likelihood of success on the merits of this § 1983 claim.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Edwards's Motion for Preliminary Injunction (Doc. 1) be DENIED.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **March 8, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is

---

[1] Opinions issued by the former Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 22nd day of February, 2021.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE